## COMMONWEALTH *vs.* JOHN BYCE.

The allowance of an improper and irrelevant course of argument is no ground of excep‑ tion, without showing that the jury were erroneously instructed as to the weight to be given to it.

The *St.* of 1852, *c.* 4, conferring on justices of the peace jurisdiction of larceny of prop‑ erty in a building, where the amount stolen is small, has not made it necessary, on the trial of an indictment in the court of common pleas, to prove that the property stolen exceeded that value.

INDICTMENT for larceny, in a building, of twelve bank bills, particularly described, amounting in all to forty dollars in amount and in value.

At the trial in the court of common pleas, before *Sanger*, J., the defendant's counsel argued that a witness who had testified to the larceny of the bills, and to the identity of the bills stolen with those soon after found in the defendant's possession, might well be, and was, mistaken in his testimony. The district attorney, in closing the case, was arguing to the jury that they must find the defendant guilty, or else find substantially that the witness had committed perjury; when he was interrupted by the defendant's counsel, who urged that this was not a proper or legitimate argument.

The district attorney also argued to the jury, that the fact (which was so) that the defendant did not show or offer to show how or whence he obtained the bills found in his possession was a circumstance from which the jury might infer guilt; and further, that the fact (which was so) that the defendant offered

*39 \**

no evidence of previous good character was a circumstance which should weigh with them against the defendant. The defendant's counsel objected to this course of argument also as improper.

The judge, in each instance, permitted the district attorney to pursue such course of argument; but, in summing up to the jury, instructed them how far these considerations and arguments should properly influence them; and to these instructions no exceptions were taken.

The judge also instructed the jury that if they were satisfied, beyond a reasonable doubt, that the defendant committed the larceny of any part of the property described in the indictment, in the building described therein, they could find the defendant guilty, without finding specially what part was so stolen. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. Price,* for the defendant. 1. The course of argument pursued by the district attorney was improper and should not have been permitted. *People* v. *Bodine,* 1 Denio, 314.

2. The jury should have been instructed to ascertain what portion of the property the defendant stole; for the degree of the offence and of the punishment depends on the amount stolen. By *St.* 1851, *c.* 156, § 4, larceny in any building is to be punished by imprisonment in the state prison not more than five years, or in the house of correction or county jail not more than three years, or by fine not exceeding five hundred dollars. But by *St.* 1852, *c.* 4, police courts and justices of the peace may take jurisdiction of cases where the property stolen does not exceed ten dollars in value, and punish by fine not exceeding twenty dollars, or by imprisonment in the county jail or house of correction not exceeding one year.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

BY THE COURT. 1. The allowance of an irrelevant and improper course of argument is not matter of exception, if the jury are properly instructed as to the weight to which such arguments are entitled. And we must presume that the instructions on this subject were correct, as they were not excepted to.

2. The gist of this offence is stealing any property in a building. On the trial of an indictment for this offence, the amount of property stolen is immaterial, except so far as it may influence the discretion of the judge in passing sentence. The statute undertaking to confer jurisdiction on justices of the peace and police courts, where the amount of property stolen is small, does not affect the proceedings in a higher court. A similar decision was made by this court as to the analogous case of larceny from the person, in *Commonwealth* v. *Nolan,* 5 Cush. 288.                                   *Exceptions overruled.*